```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
AVION STINSON,

                    Plaintiff,

     -against-

THE CITY OF NEW YORK, et al.,

                    Defendants.
------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/18/2022

18-cv-0027 (LAK)

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

        On January 26, 2022, I notified the parties that the Court would seek a jury to try this case during the period April 1 through June 30, the availability of juries for civil trials being extremely limited due to COVID restrictions. Against the possibility that a jury would be available in that period, the parties were directed to file witness and exhibit lists by March 15, 2022, thus giving 48 days in which to put their cases together. A jury did become available and the case was set on March 4 for an April 28 trial.

        On March 15, the plaintiff, construing her papers liberally, sought a postponement of the trial and an extension of time to submit her witness and exhibit list. The Court promptly extended her time to file the witness and exhibit list until April 1. but did not alter the trial date, as that would have resulted in a multi-month delay of the trial by virtue of the loss of the available jury panel.

        Plaintiff failed to file her witness and exhibit lists by April 1. Accordingly, the Court on April 4 ordered her to show cause on or before April 18 why the case should not be dismissed for lack of prosecution in light of that failure. She now has responded by claiming that she "intends to use the same exhibits and or witnesses submitted in pre trial proceedings" and that these repeatedly were identified in prior proceedings before the magistrate judge. In light of that statement, plaintiff's *pro se* status, and a conceivable if unlikely misunderstanding, I decline to dismiss the action for lack of prosecution

        The Court will take plaintiff at her word. The only witnesses she will be permitted to call (in addition to herself) and the only exhibits she will be permitted to offer at trial will be those she identified in Dkt 106 and 107 and other copies of those documents later submitted.

        In the meantime, it turns out that one of the defendants will be on active duty on April 28 with the New York National Guard. He has been informed that his command will not commit to a time at which he could testify remotely by video. Accordingly, the trial is adjourned *sine die*.

        SO ORDERED.

Dated:        April 18, 2022

                                                                           Lewis A. Kaplan
                                                                   United States District Judge